UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
JOSEPH P. LASALA, as assignee of :
Conextant, Inc., f/k/a Globespan, Inc, :
: MEMORANDUM OPINION
: AND ORDER
:
Plaintiffs, : 05 Civ. 5869 (SAS)
:
- against - :
:
E*TRADE SECURITIES LLC, :
:
Defendant. :
------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

The above-captioned litigation is one of 114 separate actions ("LaSala Actions") arising from the pending partial settlement of 310 securities class actions collectively known as *In re Initial Public Offering Securities Litigation* (the "IPO Litigation"), coordinated in this Court for pre-trial proceedings.[1] I assume familiarity with my four prior Opinions concerning the LaSala Actions.[2] As part of this settlement, which is awaiting final approval from

---

[1] Familiarity with the IPO Litigation is assumed. For a detailed discussion of the allegations, *see In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 298-321 (S.D.N.Y. 2003).

[2] *See generally LaSala (assignee of Fatbrain) v. Needham & Co.*, 399 F. Supp. 2d 421 (S.D.N.Y. 2005) ("*LaSala I*") (granting stay requested by LaSala);

-1-

this Court, the settling issuer defendants ("Issuers") have agreed to assign their interest in excess compensation claims ("Assigned Claims") against the underwriter defendants ("Underwriters") to a Litigation Trust, to be created upon final approval of the settlement and to be represented by plaintiffs' counsel.[3]

However, the lengthy process of approving class-action settlements means that the assignment of claims from the Issuers to the plaintiffs is premature.[4] In the meantime, to prevent the expiration of the statute of limitations against the Underwriters who did not enter tolling agreements with regard to the Assigned Claims,[5] plaintiff Joseph LaSala has filed over a hundred separate

---

*LaSala (assignee of Fatbrain) v. Needham & Co.*, 399 F. Supp. 2d 466 (S.D.N.Y. 2005) ("*LaSala II*") (granting motion to dismiss without prejudice for failure to state a claim on which relief can be granted); *LaSala (assignee of Conextant) v. E*TRADE Secs. LLC*, 05 Civ. 5869, 2005 WL 2848853 (S.D.N.Y. Oct. 31, 2005) ("*E*TRADE*") (granting motion to dismiss in above-captioned litigation without prejudice, when plaintiff conceded that allegations were essentially identical to those dismissed in *LaSala II*); *LaSala (assignee of Fatbrain) v. Needham & Co.*, 04 Civ. 9237, slip op. at 18-30 (S.D.N.Y. Feb. 24, 2006) ("*LaSala III*") (granting motion to dismiss amended complaint with prejudice).

[3]  *See LaSala III*, slip op. at 1-2 (citation omitted)

[4]  *See id.* at 3-4.

[5]  All but a handful of the Underwriters entered such agreements. The exceptions are J.P. Morgan Securities, Inc., Needham & Company, Inc., Morgan Stanley, Allen & Company, Inc., E*TRADE Securities, and Prudential Equity Group, LLC.

Actions in this court. Each is the result of a conditional assignment from a different Issuer, and each action names as defendants one or more of the non-tolling Underwriters. And every LaSala Action *except* this one is governed by a stipulation among the relevant parties, establishing that the resolution of *LaSala (assignee of Fatbrain) v. Needham & Co.*, 04 Civ. 9237 ("*Fatbrain*") controls the resolution of other LaSala Actions presenting essentially identical facts.[6]

Although both parties mostly adopt positions taken in *Fatbrain*,[7] this action differs from the other LaSala Actions in two respects. *First*, the underwriting agreement between defendant E*TRADE Securities LLC ("E*TRADE") and issuer-assignor Globespan (now known as Conextant) contained a forum selection clause, designating the state or federal courts located

---

[6] *See LaSala III*, slip op. at 6-7 (citation omitted).

[7] *See* Defendant E*TRADE Securities LLC's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("Def. Mem.") at 2-3 (expressly adopting the *Fatbrain* defendants' arguments asserting that LaSala: lacks Article III standing, is not the real party in interest, colluded with the assignor to create diversity jurisdiction, and fails to state a claim upon which relief can be granted); *see also* Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint And in Support of Plaintiff's Cross-Motion for Consolidation ("Pl. Mem.") at 1-2 ("For most of its arguments in support of dismissal, E*TRADE incorporates and relies on the points made by [the defendants in the parallel *Fatbrain* action]. Plaintiff, accordingly, hereby incorporates and relies on his brief submitted in that case to address each of those arguments.").

in San Francisco, California as the proper forum for resolution of disputes arising out of the underwriting agreement.[8] *Second*, E*TRADE challenges the basis for diversity jurisdiction over this action, asserting that LaSala has failed to adequately allege that the $75,000 amount-in-controversy threshold is met.[9]

But I need not reach either of these issues, because as the parties acknowledge, the reasoning of my Opinion in *Fatbrain* applies equally here and compels the same result – dismissal with prejudice.[10] *First*, the conditional assignment from Conextant to LaSala was far too limited to confer on LaSala the concrete personal interest necessary for Article III standing.[11] *Second*, even if LaSala has Article III standing, all four of his claims fail as a matter of law.[12]

---

[8] *See E*TRADE*, 2005 WL 2848853, at *3 (citation omitted).

[9] *See* Def. Mem. at 4-7. In dismissing LaSala's complaint without prejudice, I noted that E*TRADE had raised a "serious question" as to whether the jurisdictional amount can be met, and held that LaSala's amended complaint must "establish a reasonable probability that he can meet the required jurisdictional amount." *E*TRADE*, 2005 WL 2848853, at *4-5 (citation omitted).

[10] *See supra* note 7.

[11] *See LaSala III*, slip op. at 18-21; *see also id.* at 19 ("LaSala cannot be said to have ownership or control of Fatbrain's claims in any sense; the conditional assignment strictly limits LaSala's ability to prosecute 'his' claims – he cannot negotiate a settlement, move for summary judgment, or participate in a trial.").

[12] I have already dismissed LaSala's first three claims, for breach of contract, unjust enrichment, and breach of fiduciary duty. *See E*TRADE*, 2005

In particular, LaSala's new claim of breach of fiduciary duty, requesting "equitable restitution" and a constructive trust,[13] fails primarily because an issuer's damages resulting from an underwriter's breach of fiduciary duty in this context are fully compensable with money damages.[14] Under New York law, actions seeking the legal remedy of money damages for a breach of fiduciary duty are governed by a three-year statute of limitations, not the six-year period applicable to actions seeking equitable remedies.[15] As this action was commenced almost six years after the Globespan IPO, LaSala's assignor Conextant has already "had and let pass an adequate alternative remedy at law" for E*TRADE's alleged breach of fiduciary duty, and thus an equitable claim for a constructive trust and restitution to recover for the same injury cannot now proceed.[16]

For the foregoing reasons, defendant's motion to dismiss is granted

---

WL 2848853, at *4 (citing *LaSala II*, 399 F. Supp. 2d at 472-75). By his own admission, LaSala's Amended Complaint repleads these claims solely to preserve them for a possible appeal. *See* 10/25/05 Letter from Alexander H. Schmidt, counsel for LaSala, to the Court at 1 (so stating with regard to identical allegations in *Fatbrain* Amended Complaint).

[13] Amended Complaint ¶¶ 35-39.

[14] *See LaSala III*, slip op. at 28-29.

[15] *See, e.g., Bouley v. Bouley*, 797 N.Y.S.2d 221, 223 (4th Dep't 2005) (citing *Loengard v. Santa Fe Indus., Inc.*, 70 N.Y.2d 262, 266 (1987)).

[16] *Norris v. Grosvenor Mktg. Ltd.*, 803 F.2d 1281, 1287 (2d Cir. 1986).

with prejudice, plaintiff's cross-motion for consolidation is denied as moot, and the stay of this action entered on October 31, 2005 is hereby lifted. The Clerk is directed to close the pending motions [numbers 21 and 26 on the docket sheet] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         February 27, 2006

## - Appearances -

**For Plaintiff:**

Frederick Taylor Isquith, Esq.
Daniel W. Krasner, Esq.
Alexander H. Schmidt, Esq.
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Melvyn I. Weiss, Esq.
MILBERG WEISS BERSHAD & SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

Stanley Bernstein, Esq.
BERNSTEIN LIEBHARD & LIFSHITZ, LLP
10 East 40th Street
New York, NY 10016
(212) 779-1414

**For Defendant:**

Douglas P. Lobel, Esq.
ARNOLD & PORTER LLP
1600 Tysons Boulevard, Suite 900
McLean, VA 22102
(703) 720-7035

James D. Mangiafico, Esq.
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000